Marshall E. Bluestone, Esq. [SBN 151632]
BLUESTONE FAIRCLOTH & OLSON, LLP
1825 4th Street
Santa Rosa, CA 95404
Telephone:  (707) 526-4250
Facsimile:  (707) 526-0347
Email: marshall@bfolegal.com
Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SONOMA; EDDIE ENGRAM, Sheriff, individually and in his official capacity; MELISSA PARMENTER, Detention Division Operations Captain, individually and in her official capacity; and JOHN AND JANE DOES 1-10, Staff, individually and in their official capacities,<br><br>Defendants. | Case No. 3:25-cv-00361-WHO<br><br>STIPULATION AND [PROPOSED] CONSENT DECREE<br><br><br><br>Hon. William H. Orrick |

The parties to this action, represented by counsel, stipulate to and request entry of a Consent Decree by the Court as follows:

1.    On January 10, 2025, Plaintiff Human Rights Defense Center ("Plaintiff" or "HRDC") filed suit in the above-entitled matter against Defendants County of Sonoma, Sheriff Eddie Engram, former Detention Division Operations Captain Melissa Parmenter, and John and Jane Does 1-10, Staff, (collectively, "Defendants") seeking injunctive and declaratory relief, damages, attorneys' fees, and costs. Plaintiff's complaint alleges unlawful and unconstitutional

policies, customs, and/or practices regarding the delivery of incoming publications and correspondence to incarcerated persons at the County of Sonoma's Main Adult Detention Facility ("MADF"), and the provision of inadequate notice and opportunity to challenge the Defendants' refusal to deliver incoming mail to incarcerated persons, in violation of Plaintiff's free speech and due process rights. The Complaint alleges violations of the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. §1983, as well as violations of the Article I, Section 2, and Article I, Section 7 of the California Constitution, and of the Bane Act, California Civil Code §52.1. Pursuant to California Government Code §910, Plaintiff submitted a state tort claim to the County of Sonoma on July 22, 2024, and an amended claim on August 14, 2024, which included invitations to negotiate resolution of these issues. The County denied the claim on August 30, 2024.

2. On January 13, 2025, Plaintiff filed a motion seeking to preliminarily enjoin Defendants from refusing to deliver publications and correspondence mailed by Plaintiff to incarcerated persons at the MADF and from failing to provide due process to challenge censorship decisions. On March 17, 2025, the parties stipulated to the entry of a preliminary injunction prohibiting Defendants from censoring or rejecting Plaintiffs' publications and correspondence and requiring Defendants to provide adequate written notice and an administrative appeal process to both incarcerated persons and senders when Defendants refuse to deliver publications, which the Court granted on March 19, 2025. *See* Docket Nos. 31, 32.

3. Defendants deny the allegations but acknowledge that Plaintiff is the prevailing party in the lawsuit and is entitled to its costs and reasonable attorneys' fees under applicable law.

4. Plaintiff and Defendants (collectively, the "Parties"), in order to avoid expense, delay, uncertainty, and burden of litigation, and without admission of liability, agree to the entry of this Consent Decree.

5. The Parties agree that this Consent Decree resolves all claims for relief alleged in the Plaintiffs' Complaint, with the exception of Plaintiff's claims for damages and for attorneys' fees and costs, which will be subject to a separate settlement and release agreement.

6. DEFINITIONS:

   a. As used herein, PUBLISHER shall mean any publisher, commercial or non-profit distributor of printed materials, or bookstore that does mail order business directly mailed from a publisher or distributor to a named incarcerated person or readers via the United States Postal Service.

   b. As used herein, STAPLES shall mean the type of light-duty small wire fastener staples commonly used to attach a few sheets of paper, as currently used by Plaintiff to bind the sheets of its monthly publications.

   c. As used herein, MAILING LABELS shall mean the type of adhesive sticker used by Plaintiff to affix an address to an item of mail.

7. The Parties agree that Defendants and their successors, officers, agents, servants, and employees, and all others in active concert or participation with them:

   a. Shall not refuse to deliver publications, correspondence or documents to named incarcerated persons at the MADF sent by any PUBLISHER, as defined above, including Plaintiff, and that named incarcerated persons at the MADF shall be allowed to purchase and receive books, newspapers, magazines, and other publications and correspondence that are accepted for delivery by the United States Postal Service, with or without subscription from the PUBLISHER, except that Defendants may refuse to deliver or may censor portions of publications, correspondence or documents that pose a threat to the order, safety or security of the MADF, so long as they provide written notice of the specific basis for the rejection and an administrative review process, as described in Paragraph 7(e), *infra*.

      b.      Shall not refuse to deliver publications, correspondence, or documents sent to named incarcerated persons at the MADF by any PUBLISHER on the grounds that they contain STAPLES, provided that Defendants may comply by removing the STAPLES. Defendants shall ensure that publications from which STAPLES are removed are delivered to incarcerated persons in substantially the same condition as received in the mail.

      c.      Shall not refuse to deliver publications, correspondence, or documents sent to named incarcerated persons at the MADF by any PUBLISHER on the ground that they include MAILING LABELS, provided that Defendants may comply by removing the MAILING LABELS prior to delivery to the incarcerated person at the MADF.

      d.      Defendants agree that Plaintiffs' publications and mailings have been acceptable for delivery to named incarcerated persons at the Jail and have not to posed any threat to the order, safety or security of the MADF. Should Defendants in the future conclude that a publication or mailing by Plaintiff contains material that may be rejected or censored, Defendants shall promptly send notice to Plaintiff via to the process described in Paragraph 7(e), *infra*.

      e.      Shall provide adequate written notice and an administrative review process to any PUBLISHER whenever Defendants refuse to deliver or censor any publication, correspondence, or document mailed by a PUBLISHER to a named incarcerated person at the MADF. If MADF personnel reject a publication or other mailing for delivery, or if a portion thereof is censored prior to delivery, Defendants shall mail written notice to the sender of the rejected or censored mailing within fifteen (15) calendar days of the mail item being processed at the MADF. The written notice shall include:

      (1) the name and address of the sender;

      (2) the name(s) of the intended recipient(s).

(3) a description of the rejected or censored item of mail;

(4) clear citation to the objectionable portion(s) of the publication or correspondence and the specific reason that the item of mail was rejected or censored;

(5) a description of the action taken, i.e., whether the item of mail was rejected for delivery or redacted and, if so, what was redacted; and

(6) notification to the sender of the right to appeal the censorship decision, and of the method and procedural requirements for doing so.

The incarcerated person to whom the rejected or censored publication or other mailing is addressed shall be provided with the same written notice as the PUBLISHER, within the same timeframe and incarcerated people shall utilize the grievance procedure set forth in the MADF Custody Manual for the administrative review for refused mailings.

The PUBLISHER shall be entitled to file an appeal for any censorship decision and/or refusal to deliver an item of mail to an incarcerated person at the MADF, within thirty (30) calendar days of the post mark dated on the written notice from the County of Sonoma. The Sonoma County Sheriff's Office shall provide a written response to all such appeals within fifteen (15) calendar days of receiving the appeal. The written response shall either document the reversal of the censorship decision or shall respond to the appeal with a written explanation of the reason(s) for affirming the initial censorship decision.  The appeal shall be considered and resolved by a supervisor other than the person who originally refused to deliver or censored the publication or other mailing in question. The supervisor shall conduct an independent review of the item of mail in question and in the case of a reversal of a censorship decision, it shall cause the item to be delivered immediately. The rejected or censored item of mail shall be retained by the MADF pending the disposition of all appeals as described herein and the rejected mailing will be available for review by the supervisor responsible for considering and resolving the appeal.

   f. Shall post the appeal process on the public website of the Sonoma County Sheriff's Office, and shall include an explanation of the terms of the MADF's mail policy regarding the delivery of publications and correspondence and the administrative review process for rejected or censored mailings in the MADF Custody Manual, and the handbook, rulebook or equivalent materials that are provided to incarcerated persons at the MADF.

   g.. Shall train all employees whose job duties include receipt, collection, screening, review and delivery of mail to incarcerated people at the MADF on the changes to the MADF's mail policy regarding the delivery of publications and correspondence and the administrative review process for rejected or censored mailings.

  8. MADF shall provide incarcerated people with the right to utilize the grievance procedure set forth in the MADF Custody Manual for the administrative review for rejected or censored mailings.

  9. Nothing in this Consent Decree is intended to release or waive any claim, cause of action, demand, or defense in law or equity that any party to this Consent Decree may have against any person or entity, not a party to this Consent Decree.

  10. The Parties stipulate that this case concerns the First and Fourteenth Amendment rights of a publisher and is therefore not a case concerning prison conditions as defined in the Prison Litigation Reform Act of 1996. The parties further stipulate that the relief ordered is narrowly drawn, extends no further than necessary to correct the harm alleged by Plaintiff and requiring injunctive relief, and is the least intrusive means necessary to correct the alleged harm.

  11. The Court retains jurisdiction over this matter for the purpose of enforcing its Order. Defendants are not waiving the right to modify or terminate the consent decree under all applicable law. Plaintiff will not seek attorneys' fees for monitoring the consent decree, unless a violation of the consent decree occurs, in which case Plaintiff may seek attorneys' fees related to that violation. Plaintiff reserves the right to seek attorneys' fees to enforce the consent decree.

12. No person who has notice of this Consent Decree shall fail to comply with it, nor shall any person subvert the Consent Decree by any sham, indirection, or other artifice.

IT IS SO STIPULATED.

DATED: _____ 2025                            By:_____
                                                            Paul Wright,
                                                            Editor and Executive Director of
                                                            Human Rights Defense Center

DATED: _____2025                             By:_____
                                                            Eddie Engram
                                                            Sheriff, County of Sonoma

APPROVED AS TO FORM:

DATED: _____2025                             ROSEN BIEN GALVAN & GRUNFELD, LLP

                                                           By: _____
                                                           Benjamin Bien-Kahn, Attorneys
                                                           for Plaintiff

DATED:_____ 2025                             BLUESTONE FAIRCLOTH & OLSON , LLP


                                                           By: _____
                                                           Marshall E. Bluestone, Attorneys
                                                           for Defendants

.

## ORDER

Based upon the stipulation of the parties,

IT IS SO ORDERED

Date: June 2, 2025

_____
Hon. William H. Orrick
United States District Court
Northern District of California